UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KULDEEP SINGH (A# 246-610-880),

        Petitioner,

    v.

WARDEN,

        Respondent.

No.  1:26-cv-01825 TLN SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.    Factual and Procedural History

Petitioner, a citizen and national of India, entered the United States without inspection near Lukeville, Arizona, on January 10, 2023, and was detained by Border Patrol agents shortly thereafter.  ECF No. 8 at 19.  Immigration officials charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen "present in the United States without being admitted or paroled").  Id.  Immigration officials released petitioner from custody on January 17, 2023.  ECF No. 1 at 6.

On May 20, 2025, petitioner was convicted of burglary in the second degree in violation of California Penal Code § 459 and sentenced to state prison.  ECF No. 8 at 67-70.  On January 10, 2026, DHS officers took Petitioner into custody directly from state prison.  ECF 1 at 6.

1

Petitioner is currently detained in the California City Immigration Detention Center, within this judicial district.  ECF No. 1 at 5.

Petitioner filed the instant § 2241 petition on March 6, 2026, alleging that his continued detention violates the Due Process Clause of the Fifth Amendment.  ECF No. 1.  Respondents oppose the petition and, citing the minority view of cases, argue petitioner's due process argument fails because he is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  ECF No. 8 at 1-2.  Respondents also summarize petitioner's lengthy criminal history since his entrance into the United States.[1]  See id. at 21-85.  However, respondents acknowledge they "do not have legal arguments to distinguish this case from prior orders issued by the Court[.]" ECF No. 8 at 1.  If the Court grants the petition, respondents ask that it order a bond hearing under 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) instead of petitioner's immediate release.  Id. at 10-11.

## II.    Legal Standard

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V.  The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause.  The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

---

[1]  The undersigned grants the request to take judicial notice of exhibits from petitioner's various criminal proceedings (ECF No. 8 at 21-85).  See Fed. R. Evid. 201 (courts may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

2

### III.    Analysis

As an initial matter, the undersigned need not determine the statutory basis for petitioner's detention to resolve the petition's due process claim. "[A]pplicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit'" regardless of whether § 1225(b)(1) or § 1225(b)(2) authorizes their detention. Jennings v. Rodriguez, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). Thus, although the record does not shed light on the circumstances of petitioner's release from immigration detention on January 17, 2023, petitioner acquired a protected liberty interest regardless of whether he was granted a release on recognizance under 8 U.S.C. § 1226(a) or humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). See Hortua v. Chestnut, No. 1:25-cv-1670 TLN JDP, 2025 WL 3525916, at *3–4 (E.D. Cal. Dec. 9, 2025); Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104, at *3 (E.D. Cal. Jan. 3, 2026).

Petitioner retained the liberty interest acquired from his release in January 2023 despite the fact ICE detained him immediately from state prison. For instance, in Anzor I. v. Ice Field Off. Dir., No. 2:26-cv-0383 TLN CSK, 2026 WL 787978, at *1 (E.D. Cal. Mar. 20, 2026), ICE agents detained the petitioner immediately after he concluded an approximately six-month sentence in Placer County Jail. District Judge Nunley determined that because the petitioner had developed the "enduring attachments to normal life" after his initial release from immigration detention several years earlier, ICE's re-detention upon petitioner's release from jail only "amplifies the significance of his liberty interest." Anzor I., 2026 WL 787978, at *3 (quoting Morrissey, 408 U.S. at 482).

Having determined that petitioner has a protected liberty interest in his continued release, the undersigned concludes that his re-detention without notice or opportunity to be heard violates due process. The circumstances here are materially indistinguishable from cases where Judge Nunley similarly concluded that the government's re-detention denied petitioners constitutionally required process. See Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1176–77 (E.D. Cal. 2025); Hortua, 2025 WL 3525916, at *4-5; Morales-Flores v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841, at *5–6 (E.D. Cal. Dec. 11, 2025). Judge Nunley

has found the appropriate remedy in such circumstances to be the petitioner's release the requirement of a pre-deprivation hearing prior to any re-detention.  See Anzor I., 2026 WL 787978, at *5.

Finally, although respondents in opposition summarize petitioner's extensive criminal history, including his May 2025 conviction for burglary, they do not assert that he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act.[2] Because respondents argue only that petitioner is subject to detention under § 1225(b)(2), the undersigned declines to sua sponte address the potential application of § 1226(c).  See Lemos Pazos v. Warden, et al., No. 1:26-cv-2023 KES HBK (HC), 2026 WL 911606, at *2 (E.D. Cal. Apr. 2, 2026) (declining to sua sponte consider petitioner's detention as arising under § 1226(a) where respondents took position that petitioner is subject to mandatory detention under § 1225(b)(2)) (citing Cartagena Hueso v. Soto, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026)).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner Kuldeep Singh's (A# 246-610-880) application for a writ of habeas corpus be GRANTED.

2.    Petitioner be released immediately from respondents' custody.

3.    If the government seeks to re-detain petitioner, it must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing, where it bears the burden of proof by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.

4.    Respondents be further directed to file a notice certifying compliance with the above provision within seven (2) days from the date of the order adopting these findings and recommendations.

---

[2]  That provision states that "[t]he Attorney General shall take into custody any [noncitizen] who . . . (i)is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of . . . burglary . . .."  8 U.S.C. § 1226(c)(1)(E).

5. Petitioner's motion to appoint counsel (ECF No. 3) be DENIED as moot.

6. The Clerk of the Court be directed to enter judgment in petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE